# 25-633

## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

IBRAHIMA DIALLO,

*Plaintiff-Appellant,*

-against-

1-10 WESTCHESTER COUNTY DEPARTMENT OF PUBLIC SAFETY POLICE OFFICERS JOHN DOES, each of the identified and the nonidentified persons in his individual capacity and in his official capacity, New York City, a municipal entity,

*Defendants-Appellees,*

NEW YORK CITY POLICE DEPARTMENT, a municipal entity; 1-10 NEW YORK CITY POLICE OFFICERS JOHN DOES, each of the identified and the nonidentified persons in his individual capacity and in his official capacity; COUNTY OF WESTCHESTER, a municipal entity; WESTCHESTER COUNTY DEPARTMENT OF CORRECTIONS, a municipal entity; WESTCHESTER COUNTY DEPARTMENT OF PUBLIC SAFETY, a municipal entity,

*Cross-Defendants-Appellees,*

WESTCHESTER MEDICAL CENTER, a municipal entity,

*Defendant-Cross-Claimant-Cross-Defendant-Appellee.*

*On appeal from Order and Judgment of the U.S. District Court for the Southern District of New York*

## APPELLANT'S BRIEF

**T. Edward Williams, esq.**
**Williams llp**
420 Lexington Avenue, Suite 875
New York, New York 10170
(212) 417-0430
edward@williamsllp.com
*Attorney for Plaintiff-Appellant*

## CERTIFICATE OF SERVICE

I hereby certify that one ( 1) copy of the following:

APPELLANT'S BRIEF AND SPECIAL APPENDIX
AND APPENDIX ON APPEAL

was served upon Appellee's counsel via the Court's ECF System, as indicated, this 28th day of July, 2025, upon the following:

Date: July 28th, 2025

_____

T. EDWARD WILLIAMS
*Attorney for Appellant*

**TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................. 1

INTRODUCTION ................................................................................................... 7

JURISDICTIONAL STATEMENT ........................................................................ 8

ISSUES PRESENTED ......................................................................................... 8

STATEMENT OF THE CASE .............................................................................. 9

    A.   Nature of the Case ................................................................................ 9

    B.   The District Court's Order ..................................................................... 9

    C.   Factual Background .............................................................................. 11

SUMMARY OF THE ARGUMENT ..................................................................... 13

STANDARD OF REVIEW ................................................................................... 14

ARGUMENTS & AUTHORITIES ........................................................................ 15

    I.     UNDER SECOND CIRCUIT LAW DATING BACK MORE THAN 45 YEARS, A PLAINTIFF STATES A STIGMA-PLUS CLAIM WHERE HE ALLEGES THAT A STATE ACTOR BRANDED HIM A CRIMINAL TO THIRD PARTIES. ........................................ 15

        A.   Mr. Diallo States a Stigma-Plus Claim. ............................................... 15

        B.   A Picture Constitutes a Statement for Purposes of a Stigma-Plus Claim. ............ 17

    II.   IBRAHIMA DIALLO ALLEGED SUFFICIENT (AND SUBSTANTIAL) FACTS TO OVERCOME THE PRESUMPTION CREATED BY THE INDICTMENT DEFENDANTS OBTAINED TO ARREST, IMPRISON, AND PROSECUTE IBRAHIMA DIALLO ............. 19

        A.   The District Court Did Not Consider That No Probable Cause for Mr. Diallo's Arrest, Confinement, and Prosecution Existed. ........................................ 19

        B.   Mr. Diallo Alleged That Defendants Obtained the Indictment in Bad Faith Even When Defendants Knew (and Should Have Known) That Mr. Diallo Was Physically Incapable of Being Part of An Armed Robbery That Occurred at 4:25 A.M. ................ 20

    III.   The District Court erroneously Applied a Heightened Dismissal Standard When It Ruled on defendants' motions to dismiss. .......................................................... 22

CONCLUSION .................................................................................................... 24

19401.8

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME ................................................. 25

LIMITATION, TYPEFACE REQUIREMENTS AND ............................................................. 25

TYPE STYLE REQUIREMENTS ..................................................................................... 25

19401.8

# TABLE OF AUTHORITIES

Page(s)

## CASES

Ashcroft v. Iqbal,
556 U.S. 662; 129 S. Ct. 1937; 173 L. Ed. 2d 868 (2009) ........................................... 23

Bd. of Regents of State Colleges v. Roth,
408 U.S. 564 (1972) ...................................................................................... 15, 16

Bell Atl. Corp. v. Twombly,
550 U.S. 544; 127 S. Ct. 1955; 167 L. Ed. 2d 929 (2007) .......................................... 22

Birnbaum v. Trussell,
371 F.2d 672 (2d Cir. 1966) ......................................................................... 18

Bishop v. Wood,
426 U.S. 341 (1976) .................................................................................... 15

Bursac v. Souzzi,
868 N.Y.S.2d 470 (N.Y. Sup. Ct. Oct. 21, 2008) ......................................... 18

Chambers v. Time Warner, Inc.,
282 F.3d 147 (2d Cir. 2002) ......................................................................... 8

Codd v. Velger,
429 U.S. 624 (1977) ................................................................................ 15, 16

Creighton v. City of N.Y.,
2017 12 Civ. 7454 (S.D.N.Y. 2017) ............................................................. 21

Crews v. Cnty. of Nassau,
996 F. Supp. 2d 186 (E.D.N.Y. 2014) ......................................................... 20

19401.8

Gentile v. Wallen,
    562 F.2d 193 (2d Cir. 1977) ................................................................ 15, 17

Goldman v. Belden,
    754 F.2d 1059 (2d Cir. 1985) .................................................................... 23

Haslinger v. Westchester Cnty.,
    2020 No. 7:18-CV-05619; 2020 WL 2061540 (2020) .................................... 23

Hill v. California,
    401 U.S. 797 (1971) ................................................................................ 20

Jenkins v. City of New York,
    478 F.3d 76 (2d Cir. 2007) ........................................................................ 19

Littlejohn v. City of New York,
    795 F.3d 297 (2d Cir. 2015) ...................................................................... 14

Lowth v. Town of Cheektowaga,
    82 F.3d 563 (2d Cir. 1996) ................................................................. 14, 20

Malley v Briggs,
    475 U.S. 335 (1986) ................................................................................ 22

Manganiello v. City of New York,
    612 F.3d 149 (2d Cir. 2010) ...................................................................... 19

McIlwain v. City of N.Y.,
    2019 1:16-cv-3133-GHW (S.D.N.Y. 2019) .................................................. 20

Murphy v. Lynn,
    118 F.3d 938 (2d Cir. 1997) ...................................................................... 19

Nicosia v. Amazon.com, Inc.,
    834 F.3d 220 (2d Cir. 2016) ...................................................................... 15

Padilla v. Yeshiva Univ.,
    691 F. App'x 53 (2d Cir. 2017) .................................................................. 22

Paul v. Davis,
    424 U.S. 693 (1976) ................................................................................. 15, 16

Provost v City of Newburgh,
    262 F.3d 146 (2d Cir. 2001) ............................................................................ 22

Quinn v. Syracuse Model Neighborhood Corporation.,
    613 F.2d 438 (2d Cir. 1980) .......................................................... 8, 15, 17, 18

Rosen v. Brookhaven Capital Mgmt., Co., Ltd.,
    194 F. Supp. 2d 224 (S.D.N.Y. 2002) ........................................................... 23

Sanchez v. Port Auth. of New York & New Jersey,
    2012 WL 1068078 (E.D.N.Y. Mar. 29, 2012) ................................................ 19

Simmons v. Roundup Funding, LLC,
    622 F.3d 93 (2d Cir. 2010) ............................................................................ 14

Starr v. Sony BMG Music Entm't,
    592 F.3d 314 (2d Cir. 2010) .......................................................................... 22

Williamson v. United States,
    512 U.S. 594 (1994) ...................................................................................... 18

Wisconsin v. Constantineau,
    400 U.S. 433 (1971) ................................................................................. 15, 16

Zellner v Summerlin,
    494 F.3d 344 (2d Cir. 2007) .......................................................................... 21

## STATUTES

Title 28 U.S.C.
    § 1291 ............................................................................................................... 8
    § 1331 ............................................................................................................... 8
    § 1343 ............................................................................................................... 8

Title 42 U.S.C.
    § 1983 .......................................................................................................... 9, 23

19401.8

## FEDERAL RULES

Fed. R. App. P.
   Rule 32................................................................................................ 25

Fed. R. Civ. P.
   Rule 12.......................................................................................... 14, 22

Fed. R. Evid.
   Rule 804............................................................................................. 18

## STATE RULES

N.Y. Local R.
   Rule 32.1............................................................................................ 25

## OTHER AUTHORITIES

https://doi.org/10.1093/OED/4508496047 ............................................................ 18

19401.8

## INTRODUCTION

Appellant Ibrahima Diallo is Black, and he is Guinean. New York City and Westchester County used these two facts against Mr. Diallo. Mr. Diallo suffers from tuberculosis of the spine. He does not (because he cannot) go out late at night or stay out until the early hours of the morning. Mr. Diallo does not drive. He walks, but he does so with assistance. He cannot run. He does not know how to use a gun, and he has never carried a gun before. He does not see well. He speaks English, but only his friends and family understand him when he speaks English: he's more comfortable speaking French. Until his arrest (and the later destruction of his life), he peacefully lived in the Bronx. He takes at least six different medications daily. He is frill.

Notwithstanding the foregoing, New York City and Westchester County saw a criminal—even if this criminal could barely walk, much less carry a weapon to commit robbery. Doing little, if any, police work, Defendants falsely arrested Mr. Diallo, jailed him for eight days, and prosecuted him for nearly two years. Defendants later learned that Mr. Diallo was in no way connected to the armed robbery with which they charged him—except that Mr. Diallo is Black and Guinean—and decided to drop the charges, claiming they could not make out a case against him.

19401.8

As discussed below, Defendants instigated Mr. Diallo's arrest and then Defendants arrested Mr. Diallo. Defendants arrested, jailed, and prosecuted Mr. Diallo because of Mr. Diallo's race and national origin.  Had the current federal administration treated Mr. Diallo the same way New York City and Westchester County treated Mr. Diallo, there would have been justifiable uproar—in the press, in the courts, and elsewhere. In this case, the district court gave New York City and Westchester County a pass: this Court should reverse the district court because giving Defendants a pass is against the weight of the law in this Circuit.

## JURISDICTIONAL STATEMENT

The district court had jurisdiction over this matter under 28 U.S.C. §§ 1331, 1343 and under 3367 (pendant and supplementary jurisdiction). A-22. Judgment was entered on 18 February 2025. A-337. Ibrahima Diallo appealed on 14 March 2025. A-338. This Court has jurisdiction under 28 U.S.C. § 1291. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).

## ISSUES PRESENTED

I.      In Quinn v. Syracuse Model Neighborhood Corporation., 613 F.2d 438, 447 (2d Cir. 1980), the Second Circuit made it clear that a plaintiff states a state a stigma-plus claim when he alleges that the defendant disseminated a "false and defamatory impression" to third parties. The Second Circuit has never required that the disseminated statement be a "detailed bill of particulars." Did the district court err when it dismissed Mr. Diallo's stigma-plus claim on the grounds that the *picture* New York City disseminated of Mr. Diallo referring to him as a criminal *does not rise to the level of a statement*?

II.     Among other factual allegations, Mr. Diallo alleged that Defendants obtained the indictment against him in bad faith because: (1) he was the only Guinean included in the photo array; (2) that the photo array was itself suggestive; (3) that defendants failed to provide

19401.8

the crime scene surveillance video to the grand jury; and (4) Defendant's shielded exculpatory evidence, like Mr. Diallo's cell phone records showing his location at the time of the crime, to the grand jury. Mr. Diallo also alleged that the Defendants lacked probable cause to arrest him. The district court refused to consider these and other factual averments and held that these and other allegations show that Defendants had police office that performed poor police work. See Sp. A-21–22, 26. Did the district court err in its holding in light of second circuit cases specifically holding the contrary?

III.     Did the district court err when it applied a more *robust* version of Iqbal and Twombly on Mr. Diallo's claims?

## STATEMENT OF THE CASE

### A.     Nature of the Case

The facts in this case give rise to a claim under 42 U.S.C. § 1983. New York City and Westchester County arrested an infirmed and frill individual in Mr. Diallo for first degree armed robbery. New York City and Westchester County performed what the district court referred to as sloppy police work and arrested, jailed, and prosecuted Mr. Diallo for nearly two years. Mr. Diallo later sued Defendants. The district court dismissed Mr. Diallo's Second Amended Complaint. This timely appeal was taken.

### B.     The District Court's Order

Defendants misidentified Mr. Diallo because Mr. Diallo is Black and because Mr. Diallo is Guinean. Mr. Diallo was arrested, jailed, and prosecuted for armed robbery—a crime that Mr. Diallo could not have committed given his physical illness. Mr. Diallo sued Defendants, alleging these claims: (1) malicious prosecution; (2) defamation (stigma plus); (3) false imprisonment/false arrest; (4) national origin discrimination; (5) intentional infliction of

19401.8

emotional distress; (6) medical malpractice[1]; (7) violation of the First Amended Art. I, § 3; (8) aiding and abetting; (9) conversion/replevin; and (10) injunctive relief.[2] A-283–291. On 18 February 2025, the District Court dismissed Mr. Diallo's claims. Sp. A1–38.

The district court's decision is curious, and often inexplicable. The district court dismissed Mr. Diallo's claims on the grounds that Mr. Diallo did not allege sufficient facts to overcome the presumption created by the fact that Defendants obtained an indictment to arrest, jail, and prosecute Mr. Diallo. Sp.A1–38. In the face of specific factual allegations that would have overcome the presumption created by the indictment, and even though it was clear that Defendants lacked probable cause to arrest, jail, or prosecute Mr. Diallo for two years, the district court set Mr. Diallo's allegations aside, stating only that Mr. Diallo's allegations lead to the inference that Defendants' police officers did slipshod police work, but that shoddy police work did not corrupt the "truth-seeking process." Sp.A21–23. The district court also separately, and inexplicably, ruled that Mr. Diallo's stigma-plus claim failed as a matter of law because Defendants' circulation of Mr. Diallo's photo that referred to Mr. Diallo as a criminal does not amount to a statement. The district court also dismissed Mr. Diallo's First Amendment claim on the grounds that Mr. Diallo did not allege facts as to a comparator

---

[1] Mr. Diallo's claim for legal malpractice is not on this appeal because the district court declined to exercise jurisdiction over that claim under its pendant or supplemental jurisdiction. Mr. Diallo will pursue that claim in state court against Westchester County Medical Center.

[2] Mr. Diallo is not pursuing his claim for injunctive relief on this appeal.

class. Finally, as to Mr. Diallo's state law claims, the district court dismissed those claims, declining to exercise supplemental jurisdiction.[3] Sp. A1–38.

## C.    Factual Background

The facts are straightforward and uncomplicated. On 18 February 2018, at 4:30 a.m., a New York DJ and his friend were robbed after they returned to the DJ's home in Yonkers New York. A82. According to the DJ and his friend, three individuals robbed them at gun point, and a fourth individual was in a get away car that had a temporary New Jersey license plate. Id. The victims told Westchester County  that the robbery was quick, and that one or more of the individuals who robbed them wore masks. The victims also told the police officers that one individual, presumably in English, told the victims to comply with the demands and or they would be shot.

Westchester County reached out to the New York City Police Department and requested information about individuals who could be responsible for committing the armed robbery like the one that had occurred in Yonkers. In response, Officer Ashleigh provided a picture of Mr. Diallo, representing that he was among the individuals who were likely responsible for committing the robbery. Westchester County then used Mr. Diallo's picture in a photo array, where he was the only Guinean in the photo array. After some assistance from Westchester County , one of the victims identified Mr. Diallo as the individual involved in the robbery. The victim said that Mr. Diallo was the one who instructed the victims to comply with

---

[3] For clarify, Mr. Diallo's malpractice claim against Westchester County Medical Center is a claim that is being filed in state court.

the robbers' demands while pointing a gun at them. Westchester County Police Officers never asked about how the victim could identify Mr. Diallo when the same victim said that the robbers were wearing masks. In fact, the Westchester County Police Officers asked few, if any, questions. Under extant policies and practices, Westchester County was trying to make a case any way they could—truth be damned.

On 30 November 2018, Westchester County presented "what they knew" to a grand jury, and the grand jury and on 4 December 2018, obtained an indictment. Nearly three years later—on 21 October 2021—Westchester County and New York City Police Department arrested Mr. Diallo pursuant to the warrant.

In procuring the indictment, Westchester County failed to provide critical information to the Grand Jury. Westchester County failed to disclose that Mr. Diallo did not speak English, and so, he would not have been able to utter the words one victim claimed he uttered; that Mr. Diallo suffered from tuberculosis of the spine and because of that condition, he could not have been in the night air, he could not have held a gun or point a gun at another individual; that a video of the crime did not reveal that Mr. Diallo was involved in the robbery; that Mr. Diallo's cell phone records disclosed that he was at his home in the Bronx, and that he was nowhere close the Yonkers, where the robbery occurred; that Mr. Diallo was the only Guinean included in the police photo array, after Westchester County Police Officers told the victims that the perpetrators were Guinean; that Mr. Diallo took at least 6 medications per day to support what some may refer to as the normal functioning of his body; and that Mr. Diallo was

in the United States as a political asylee, and that the commission of a crime would have gotten him deported immediately.

Relying on Defendants' arguments, the district court dismissed Mr. Diallo's claims.

Defendants argued that (1) Plaintiff has failed to state viable <u>Monell</u> claim, (2) Plaintiff's state-law claims are barred by the statutes of limitations, (3) and should be dismissed for failure to file a notice of claim. They further allege that (4) Westchester County Department of Public Safety and Westchester County Department of Correction should be dismissed because they would be non-suable entities[4] and that (5) Westchester Medical Center's crossclaim against them should be dismissed. Defendants are wrong.

## SUMMARY OF THE ARGUMENT

Mr. Diallo's arguments are straightforward. First, the district court erred when it found as a matter of law that the distribution of a photo that identified Mr. Diallo as a criminal does not constitute a statement for purposes of stating a stigma-plus claim. At least three decisions by the Supreme and at least two decisions by the Second Circuit make it clear that a statement stigmatizing an individual need not be detailed and that an impression rises to the level of a statement. What is more, New York state courts have specifically recognized that the dissemination of a photograph of an individual is stigmatizing, and so, may give rise to a stigma-plus claim. Because the district court ignored clear precedents, its decision should be reversed.

---

[4] Mr. Diallo filed the Second Amended Complaint ("SAC") which cured this issue.

19401.8

Second—on the issue of whether Mr. Diallo alleged sufficient facts to overcome the presumption created by the indictment Defendants obtained to arrest, jail, and prosecute Mr. Diallo—the district court failed to consider that probable cause is a temporal issue, and that even though probable may exist at one point, it could evaporate when later evidence is discovered:

> Under New York law, 'even when probable cause is present at the time of arrest, evidence could later surface which would eliminate probable cause. [] In order for probable cause to dissipate, the groundless nature of the charges must be made apparent by the discovery of some intervening fact. [] The New York Court of Appeals has noted that failure to make further inquiry when a reasonable person would have done so may be evidence of lack of probable cause.

Lowth v. Town of Cheektowaga, 82 F.3d 563, 571 (2d Cir. 1996) (cleaned up).

The district court never considered this argument and the allegations in Plaintiffs' Second Amended Compliant provided sufficient facts to rebut the presumption created by the indictment.

Third, the district court should be reversed because it applied a more robust standard than what Iqbal or Twombly requires.

## STANDARD OF REVIEW

This Court applies *de novo* review to statutory interpretations and to the district court's grant of motion to dismiss under Fed. R. Civ. P. 12(b)(6). See Littlejohn v. City of New York, 795 F.3d 297, 306–307 (2d Cir. 2015) (citing Simmons v. Roundup Funding, LLC, 622 F.3d

93, 95 (2d Cir. 2010)).  All factual allegations are deemed true, and the district court must draw all inferences in favor of the plaintiff. Id. at 307. The Second Circuit will construe the complaint liberally. Nicosia v. Amazon.com, Inc., 834 F.3d 220, 230–231 (2d Cir. 2016).

## ARGUMENTS & AUTHORITIES

## I.  UNDER SECOND CIRCUIT LAW DATING BACK MORE THAN 45 YEARS, A PLAINTIFF STATES A STIGMA-PLUS CLAIM WHERE HE ALLEGES THAT A STATE ACTOR BRANDED HIM A CRIMINAL TO THIRD PARTIES.

### A.  Mr. Diallo States a Stigma-Plus Claim.

A plaintiff prevails on a stigma-plus claim when he proves: (i) there was stigmatizing information; (ii) made public; and (iii) by a government entity. See Codd v. Velger, 429 U.S. 624, 627 (1977) (per curiam); Bishop v. Wood, 426 U.S. 341, 348 (1976); Paul v. Davis, 424 U.S. 693, 708–710 (1976); Wisconsin v. Constantineau, 400 U.S. 433, 437 (1971); Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 570–578 (1972) (setting out the rights that are protected that would give rise to a claim for stigma plus).  The Second Circuit applies this same standard. Accord, Gentile v. Wallen, 562 F.2d 193, 197–198 (2d Cir. 1977); Quinn v. Syracuse Model Neighborhood Corp., 613 F.2d 438, 446–447 (2d Cir. 1980). Creating the impression that an individual is a criminal is stigmatizing as a matter of law. Quinn, 613 F.2d at 447–448.

The district court does not appear to dispute that Mr. Diallo can make out a claim but says that Mr. Diallo "does not clearly articulate what the false statement or false paperwork was." Sp.A-26–27. The Court is wrong. In the paragraph just before the quote in the last

sentence, the district court said that Mr. Diallo alleged that Defendant "branded [him] as a criminal leading to his loss of employment opportunities, housing, and family relationships." Id. at Sp.A-26. In fact, Mr. Diallo's Second Amended Complaint made clear what he is alleging:

> Defendant, New York City Police Department, provided a picture of Mr. Diallo intended to make Mr. Diallo look like a criminal to Westchester County; Westchester County provided this same picture to third parties as part of a photo array, showing Mr. Diallo looking uncared for, disheveled, and looking like a criminal. The picture did not show Mr. Diallo has [as] the clean-cut individual that he is but instead was designed to make Mr. Diallo look like a criminal.

A-284.

In terms of the factual allegations, Mr. Diallo alleged that New York City Police Department, through Officer Ashleigh, provided his picture to Detective Kerner, Detective Michael Farina, and their supervising officer, Brian Philip Collins, in response to their request for individuals who were likely to have committed the robbery with which Mr. Diallo was charged. A-135, 272–273, 278, 281–282. Westchester County jailed Mr. Diallo for eight days and prosecuted him for more than two years because of the photo that the New York City Police Department distributed of him and because of the picture Mr. Diallo that Westchester County distributed of him to third parties. Mr. Diallo has sufficiently alleged that government entities published stigmatizing information about him to third parties. Codd, 429 U.S. at 628; Bishop, 426 at 348; Paul, 424 U.S. at 708–710; Wisconsin, 400 U.S. at 437; Bd. of Regents

of State Colleges, 408 U.S. at 570–578; Gentile, 562 F.2d at 197–198; Quinn, 613 F.2d at 446–447.

The district court implacably did not go into detail about Mr. Diallo's allegations but writes that even "if Plaintiff argued that the photograph was a false statement because it was designed to make him look like a criminal instead of . . . his true-clean cut appearance," Plaintiff confirms the photo of him. (SAC ¶ 167.) Additionally, Plaintiff merely asserts that "[t]he publication has cause[d] [him] special harm [that] constitutes defamation per se." (SAC ¶ 191.) ***Without a false statement, however, his claim fails as a matter of law*." SP.A-27–28 (emphasis added). In short, the district court is saying that a photo cannot constitute a statement. Id.

As detailed below, however, a photograph is a statement for purposes of stating a stigma-plus claim.

### B.	A Picture Constitutes a Statement for Purposes of a Stigma-Plus Claim.

In stating a stigma-plus claim, neither the Supreme Court nor the Second Circuit has ever required detailed publication by the offending government entity. In Quinn, supra, the Second Circuit provided this guidance to litigants and to lower courts when it stated the following:

> Further, the offending governmental entity or actor must make these  false and stigmatizing charges "public." The district court held that Quinn failed to satisfy this requirement because he had not demonstrated that" a City official made any Outright charge." Apparently, the district judge would demand an explicit

public statement by a municipal official accusing the discharged employee of "immoral or illegal" conduct. The cases, however, do not support such a principle. *A subtle campaign designed by city officials to make plaintiff the scapegoat for an episode of municipal misfeasance may impose no less an indelible stigma than a public proclamation announced at high noon from the steps of City Hall*. *Indeed, a carefully conceived scheme of suggestion and innuendo may be all the more devastating to individual liberty because it is more difficult to refute, especially when its architects sit in the highest offices of local government*. Codd *simply requires dissemination of a 'false and defamatory Impression,' not a detailed bill of particulars. Such an impression was arguably created here, at least for purposes of defeating summary judgment*.

Quinn, 613 F.2d at 447 (cleaned up) (emphasis added) (citing Birnbaum v. Trussell, 371 F.2d 672 (2d Cir. 1966)).

A statement may be made in writing, orally, or otherwise. Oxford English Dictionary, "statement (n.)," December 2024, https://doi.org/10.1093/OED/4508496047; see Williamson v. United States, 512 U.S. 594 (1994) (relying on a broad dictionary definition of the term statement while analyzing Fed. R. Evid. 804(b)(3)). New York courts consider the dissemination of a statement for purposes of a stigma-plus claim. Bursac v. Souzzi, 868 N.Y.S.2d 470, 342 (N.Y. Sup. Ct. Oct. 21, 2008) ("It is the judgment of the court that the County Executive's actions, in publishing and maintaining the petitioner's name, picture and identifying information embedded in a press release on the County's Internet Web site, which results in limitless and eternal notoriety, without any controls, is sufficient to be the 'plus' in the 'stigma plus' due process analysis in the case at bar. The court finds that the petitioner's due process rights have been violated."). The district court departed from well-

19401.8

settled law without providing any cogent reason (or reasons) for doing so. The district court should be reversed.

## II. IBRAHIMA DIALLO ALLEGED SUFFICIENT (AND SUBSTANTIAL) FACTS TO OVERCOME THE PRESUMPTION CREATED BY THE INDICTMENT DEFENDANTS OBTAINED TO ARREST, IMPRISON, AND PROSECUTE IBRAHIMA DIALLO.

### A. The District Court Did Not Consider That No Probable Cause for Mr. Diallo's Arrest, Confinement, and Prosecution Existed.

A plaintiff prevails on a malicious prosecution claim that is premised on § 1983 where the plaintiff shows a violation of his Fourth Amendment rights and where he establishes the elements of malicious prosecution. Manganiello v. City of New York, 612 F.3d 149, 161 (2d Cir. 2010).

The four elements of a malicious prosecution claim are well established. A plaintiff must demonstrate: (i) initiation or continuation or a criminal proceeding against the plaintiff; (ii) termination of the proceeding in the plaintiff's favor; (iii) lack of probable cause for commencing the proceeding; and (iv) actual malice as a motivation for the defendant's actions. Murphy v. Lynn, 118 F. 3d 938, 944–47 (2d Cir. 1997).

Probable cause is evaluated based on the "totality of the circumstances." Jenkins v. City of New York, 478 F.3d 76, 90 (2d Cir. 2007). An arrest premised on mistaken identity is generally protected and is constitutionally safe if the police had probable cause to arrest the person sought, and if the officers conducting the arrest reasonably believed that the person arrested was the person the police was seeking to arrest. See Sanchez v. Port Auth. of New

19401.8

York & New Jersey, 2012 WL 1068078, at *5 (E.D.N.Y. Mar. 29, 2012) (citing Hill v. California, 401 U.S. 797, 802–803 (1971)).

The timing of the probable cause determination is a critical part of the analysis. As the Second Circuit said in Lowth v. Town of Cheektowaga, 82 F.3d 563, 571 (2d Cir. 1996), probable cause that appeared to exist at the time of arrest, may disappear later, when additional evidence comes to light:

> Under New York law, 'even when probable cause is present at the time of arrest, evidence could later surface which would eliminate probable cause. [] In order for probable cause to dissipate, the groundless nature of the charges must be made apparent by the discovery of some intervening fact. [] The New York Court of Appeals has noted that failure to make further inquiry when a reasonable person would have done so may be evidence of lack of probable cause.

Lowth, 82 F.3d at 571–572 (cleaned up); see also, Crews v. Cnty. of Nassau, 996 F. Supp. 2d 186 (E.D.N.Y. 2014).

The district court did not consider that, even though some probable cause may have existed, that probable cause disappeared when it became clear that Mr. Diallo could not have committed the armed robbery crime he was charged with because it was simply factually impossible for Mr. Diallo to have committed the crimes with which Defendants charged him.

**B.     Mr. Diallo Alleged That Defendants Obtained the Indictment in Bad Faith Even When Defendants Knew (and Should Have Known) That Mr. Diallo Was Physically Incapable of Being Part of An Armed Robbery That Occurred at 4:25 A.M.**

Absent the police being able to show they had probable cause, the plaintiff will establish bad faith. See, e.g., McIlwain v. City of N.Y., 1:16-cv-3133-GHW, at *16 (S.D.N.Y.

Mar. 1, 2019) ("Here, Plaintiff has 'submitted evidence sufficient for a reasonable jury to find that his indictment was procured as a result of police conduct undertaken in bad faith.'"). The existence of probable cause is assessed under the objective standard, and it depends on the facts known to the arresting officer at the time of the arrest. See, e.g., Zellner v Summerlin, 494 F.3d 344, 369 (2d Cir 2007).

In Paragraphs 129 through 157 of the SAC, Mr. Diallo set out the allegations that overcome the presumption. Specifically, Mr. Diallo set out information that was withheld from the grand jury in order to obtain the indictment. Creighton v. City of N.Y., 12 Civ. 7454 (PGG), at *71 (S.D.N.Y. Feb. 14, 2017) ("'[T]he plaintiff's avenue for rebuttal is not limited to proof of misconduct in the grand jury alone. Rather, the plaintiff may show that the officer misrepresented the facts to the District Attorney or otherwise acted in bad faith in a way that led to the indictment.'"); Creighton v. City of N.Y., 12 Civ. 7454 (PGG), at *71 (S.D.N.Y. Feb. 14, 2017) ("A police officer "fail[s] to make a complete and full statement of facts to the District Attorney" where the officer "d[oes] not alert the prosecutor to the statement by another witness, which was inconsistent with the statement given by the individual who accused plaintiff, and arguably implicated that individual in the shooting.'").

The motion dismissing the claims against Mr. Diallo provides a glimpse into the information the prosecution did not know and that was left out. Issue related to the accents of the alleged assailants and other critical information was omitted. As alleged in Paragraphs 129 through 157, the police also knew that Mr. Diallo was ill, that he could not have been in

19401.8

the location during the commission of the crime because of his condition, and that Mr. Diallo lived in the Bronx, not in Yonkers, but this and other information were not provided to the grand jury. The Second Circuit has long maintained that the probable cause standard does not protect the plainly incompetent or those who violate the law. Provost v City of Newburgh, 262 F.3d 146, 160 (2d Cir 2001) (quoting Malley v Briggs, 475 U.S. 335, 341 (1986)).

The district court said that Defendants did not know of the foregoing information when they obtained the indictment. Sp.A19–23. This is not an excuse because this merely means that probable cause disappeared at a later stage.

## III. THE DISTRICT COURT ERRONEOUSLY APPLIED A HEIGHTENED DISMISSAL STANDARD WHEN IT RULED ON DEFENDANTS' MOTIONS TO DISMISS.

The standard on a Fed. R. Civ. P. 12(b)(6) motion is well known. On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the plaintiff need only "allege enough facts to raise a right to relief above the speculative level and state a claim to relief that is plausible on its face. Padilla v. Yeshiva Univ., 691 F. App'x 53, 55 (2d Cir. 2017) (quoting Starr v. Sony BMG Music Entm't, 592 F.3d 314, 321 (2d Cir. 2010)) (citation and quotation marks omitted). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

19401.8

Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir.1985). As Applied to a 42 U.S.C. §1983 claim, a plaintiff must state enough facts that establish that the municipality "took some action beyond merely employing the misbehaving officers." Haslinger v. Westchester Cnty., No. 7:18-CV-05619(PMH), 2020 WL 2061540, at *5 (S.D.N.Y. Apr. 29, 2020) (denying the County of Westchester's Motion to Dismiss). The plaintiff has therefore no obligation to anticipate and refute potential affirmative defenses." Rosen v. Brookhaven Capital Mgmt., Co., Ltd., 194 F.Supp.2d 224, 227, 228 (S.D.N.Y.2002) ("Defendants have no right to notice, in the complaint or otherwise, of the manner in which plaintiff may rebut defendants' proof of an affirmative defense.").

Instead of simply weighing whether the Second Amended Complaint provided sufficient factual material, the district court engaged in evidentiary analysis as the motion to dismiss stage. In addition, the district court requirement that Mr. Diallo provide evidence of others who were similarly situated to him makes little sense at the pleading stage. Sp.A31 ("Here, Plaintiff's claim fails because he does not demonstrate similar treatment based on national origin. His assertion that an individual with the name 'John Smith' would have been treated differently and that 'New York City has a history of discriminating against [Plaintiff] and immigrants' are conclusory and insufficient to compare Plaintiff's case to any other

individual."); Sp.A29–36. Mr. Diallo would have obtained this kind of evidence through discovery, not at the motion to dismiss stage. Because the district court erred, this Court should reverse the district court.

## CONCLUSION

For the foregoing reasons detailed above, the order and judgment entered by the district court should be vacated and this matter remanded to the district court to apply the law, which, if done, would see that Plaintiffs' Complaint has pled sufficient facts to demonstrate that they can overcome the presumption created by the indictment because the indictment was procured through bad faith.

Dated:    28 July 2025
          New York, New York

/s/ T. Edward Williams, Esq.
T. Edward Williams, Esq.
WILLIAMS LLP
420 Lexington Avenue Suite 875
New York, New York 10170
(212) 417-0430
edward@williamsllp.com
Attorney for Appellant Ibrahima Diallo

19401.8

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME
LIMITATION, TYPEFACE REQUIREMENTS AND
TYPE STYLE REQUIREMENTS**

1.      The undersigned counsel of record for Plaintiff-Appellant Ibrahima Diallo certifies pursuant to Federal Rule of Appellate Procedure 32(g) and Local Rule 32.1 that the foregoing brief contains 6,630 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f), according to the Word Count feature of Microsoft word 2025.

2.      This Brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2025 in 14-point of Ariel Narrow.

Dated:          28 July 2025
                New York, New York


                                        */s/ T. Edward Williams, Esq.*
                                        T. Edward Williams, Esq.

19401.8